```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

CARMENZA GUZMAN VARON             :
A/K/A KATHLEEN VARON,             :
                                  :
      Plaintiff,                  :
                                  :
V.                                :   CASE NO. 3:04-CV-2049 (RNC)
                                  :
KATHLEEN HAWK SAWYER, ET AL.,     :
                                  :
      Defendants.                 :
```

RULING AND ORDER

Plaintiff, a federal inmate, brings this action under <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), claiming that the defendants failed to protect her from sexual abuse by corrections officers when she was incarcerated at FCI Danbury. See <u>Carlson v. Green</u>, 446 U.S. 14, 20 (1980) (extending <u>Bivens</u> to provide a damages remedy for violations of the Eighth Amendment).[1]  All the defendants have moved to dismiss the action under Rule 12(b)(6) of the Federal Rules of Civil Procedure on the ground that the complaint fails to allege facts showing their personal involvement in the constitutional violations.  They contend that, in the absence of such allegations, they are entitled to have the complaint

---

[1] Plaintiff also invokes the Fifth Amendment, but her claim is governed by the Eighth Amendment. See <u>Peddle v. Sawyer</u>, 64 F. Supp. 2d 12, 17 (D. Conn. 1999) (Eighth Amendment governs claims based on sexual abuse of inmates by prison officials).

1

dismissed on the basis of qualified immunity.  I conclude that the complaint's allegations are sufficient to enable the plaintiff to proceed on her claims against the defendants who were responsible for supervising the corrections officers at FCI Danbury, but not as to the other defendants.  Accordingly, the motion to dismiss is granted in part and denied in part.[2]

Facts

The complaint alleges the following facts, which are assumed to be true for purposes of this ruling.  Plaintiff was incarcerated at FCI Danbury from 1994 until 2002.  During that time, defendant Kathleen Hawk Sawyer was the Director of the Federal Bureau of Prisons ("BOP"); defendant Margaret L. Harding was the Warden at FCI Danbury; defendants Mary A. Jensen and Dennis Harrell were Associate Wardens at FCI Danbury; defendant Earnest Key was a lieutenant in the office of Special Investigative Services at FCI Danbury, with responsibility for investigating complaints of staff misconduct; defendant Stanley Ferguson was a Special Agent in the Office of the Inspector General of the United States Department of Justice, with responsibility for investigating allegations of BOP staff misconduct at FCI Danbury; and defendant John Doe was an employee in the BOP's Office of Internal Affairs, with responsibility for

---

[2] The defendants recently filed a second motion to dismiss on other grounds [Doc. #29], but that motion is not yet ripe for decision.

ensuring that such investigations were properly conducted.

From 1998 to 2000, three corrections officers at FCI Danbury with disciplinary authority over the plaintiff -- Lieutenant Andrew Long, Officer Anthony Tortorella, and Officer Ricardo Vasquez -- repeatedly forced the plaintiff to engage in sexual intercourse and oral sex. (Compl. ¶¶ 18, 19, 22, 26, 31, 35.)[3] As a result of this abuse, the plaintiff suffers psychological and physical pain (Compl. ¶¶ 21, 30, 38) and has symptoms of post-traumatic stress disorder (Compl. ¶ 39).

In 1999, the Office of the Inspector General reported an allegation of possible sexual contact between the plaintiff and an employee at FCI Danbury, but the allegation was not investigated.  (Compl. ¶ 16.)  Prior to that time, there had been numerous instances of sexual abuse of inmates by guards at FCI Danbury resulting in investigations, prosecutions and resignations (Compl. ¶ 11), and both Officers Tortorella and Vasquez had been the subject of multiple investigations for sexual misconduct with inmates (Compl. ¶¶ 23, 32).  The defendants knew about the pattern of sexual abuse of inmates by guards at FCI Danbury and participated in, or oversaw, investigations of sexual misconduct involving Officers Tortorella

---

[3]  In 2002, Officer Tortorella pleaded guilty to violations of federal law stemming from his sexual abuse of inmates. (Compl. ¶ 28.)  In 2003, Officer Vasquez pleaded guilty to violations of federal law stemming from his sexual abuse of inmates, including the plaintiff.  (Compl. ¶ 36.)

and Vasquez. (Compl. ¶¶ 24, 33.)

Discussion

To plead a claim in federal court, a plaintiff need only provide a short, plain statement giving fair notice of what the claim is and the grounds on which it rests.  See Conley v. Gibson, 355 U.S. 41, 47 (1957); Fed. R. Civ. P. 8(a)(2).  A claim may be dismissed at the pleading stage "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (quoting Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984)).  "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims."  Id. at 512.

Failure to Prevent Sexual Abuse by Corrections Officers

Under the Eighth Amendment, prison officials have an affirmative duty to take reasonable measures to guarantee the safety of inmates.  Farmer v. Brennan, 511 U.S. 825, 832 (1994).  An official violates this duty if he is deliberately indifferent to a substantial risk of serious harm to an inmate's health or safety, that is, if he is aware of such a risk and disregards it.  See id. at 837.  Claims based on failure to prevent sexual abuse of inmates are governed by this deliberate indifference standard.  See Colman v. Vasquez, 142 F. Supp. 2d 226, 237 (D. Conn. 2001);

Noquera v. Hasty, No. 99 Civ. 8786 (KMW) (AJP), 2001 WL 243535, at *2 (S.D.N.Y. Mar. 12, 2001); see also Boddie v. Schnieder, 105 F.3d 857, 861 (2d Cir. 1997) (sexual abuse of inmate by prison guard may be sufficiently serious harm); Buckner v. Hollins, 983 F.2d 119, 122 (8th Cir. 1993) (deliberate indifference standard governed inmate's claim based on failure to prevent attack by guard).

Plaintiff's allegations are sufficient to enable her to proceed on her deliberate indifference claim against former Warden Harding and former Associate Wardens Jensen and Harrell. The complaint alleges that these defendants had direct supervisory control over FCI Danbury staff, knew about a pervasive pattern of sexual abuse of inmates by guards at the facility, and were aware of multiple investigations of sexual misconduct by Officers Tortorella and Vasquez, yet took no action to protect inmates from further sexual abuse.  Crediting these allegations, and viewing them in a light most favorable to the plaintiff, it is not clear that the plaintiff can prove no set of facts that would entitle her to relief against these defendants. On the contrary, the allegations suggest that these defendants may be held liable for the sexual abuse the plaintiff suffered during their tenure at FCI Danbury because they were deliberately indifferent to an obvious risk that female inmates would be subjected to sexual abuse by guards under their direct

supervision, including Officers Tortorella and Vasquez.  See Farmer, 511 U.S. at 842 ("[A] factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious."); Brock v. Wright, 315 F.3d 158, 164 (2d Cir. 2003) (same).

    Whether the plaintiff's allegations are sufficient to enable her to proceed on her claim against former BOP Director Hawk Sawyer presents a different question.  The plaintiff argues that this defendant may be held liable because she was responsible for establishing "all BOP policies and program statements, which would include policies and statements regarding sexual misconduct and inmate safety."  (See Pl.'s Obj. to Mot. to Dismiss 6.) "Generally, the assertion that high-level executive branch members created an unconstitutional policy, without more, [is] insufficient to state a claim." Elmaghraby v. Ashcroft, No. 04 CV 1409 (JG) (SMG), 2005 WL 2375202, at *20 (E.D.N.Y. Sept. 27, 2005) (Gleeson, J.).  In Elmaghraby, Muslim inmates at the Metropolitan Detention Center in New York City brought an action against numerous federal officials, including Hawk Sawyer, seeking redress for, among other things, long-term confinement in highly restrictive conditions in violation of due process.  The complaint alleged that the plaintiffs had been confined in atypically harsh conditions without an opportunity for a hearing pursuant to a national policy adopted in the wake of the attacks

of September 11.  The court concluded that discovery was warranted on this aspect of the case with regard to Hawk Sawyer and other high-level officials because "the post-September 11 context provide[d] support for plaintiffs' assertions that [these] defendants were involved in creating and/or implementing the detention policy under which plaintiffs were confined without due process."  Id. at *20.

The claim against Hawk Sawyer in this case based on her responsibility for an alleged policy of ignoring sexual abuse of inmates by guards at FCI Danbury lacks the contextual support that justified discovery as to her involvement in the detention policy at issue in Elmaghraby.  More fundamentally, the existence of such a BOP policy is contradicted by the complaint's allegations that, prior to 1999, sexual abuse of inmates by guards at FCI Danbury resulted in numerous investigations, prosecutions, and resignations.  The presence of these allegations in the body of the complaint fatally undermines the plaintiff's Eighth Amendment claim against Hawk Sawyer based on her position as the BOP's top policymaker.[4]  Accordingly, the

---

[4] Plaintiff's allegations that "the defendants" were aware of a pattern of sexual abuse of inmates at FCI Danbury, yet failed to prevent the abuse she suffered, encompass Hawk Sawyer. It seems clear, however, that these allegations, insofar as they pertain to her, are based solely on her position at the top of the BOP's chain of command, which is insufficient. See Richardson v. Goord, 347 F.3d 431, 435 (2d Cir. 2003).

motion to dismiss the action as against Hawk Sawyer is granted.[5]

The complaint's allegations are also insufficient to state a claim for relief against the remaining defendants, Lieutenant Key, Special Agent Ferguson, and Doe.  The complaint contains no factual allegations involving Doe.  Plaintiff alleges that Key and Ferguson were responsible for investigating allegations that Long, Tortorella, and Vasquez had sexually abused her and knew about previous investigations involving Tortorella and Vasquez.  However, the complaint does not allege that these defendants failed to investigate allegations of sexual misconduct,[6] or had any supervisory authority over Officers Tortorella and Vasquez.  Nor does it allege anything else to suggest that these defendants were deliberately indifferent to a risk that the plaintiff (or other inmates at FCI Danbury) would be sexually abused.  Accordingly, the complaint is dismissed as against defendants Doe, Ferguson, and Key.[7]

---

[5] It is not clear that plaintiff can allege no additional facts that would be sufficient to enable her to proceed on a claim against Hawk Sawyer.  Accordingly, the dismissal will be without prejudice.

[6] Importantly, there is no allegation that Ferguson or Key refused to open an investigation following the 1999 report of possible sexual contact between plaintiff and an FCI Danbury employee.

[7] It is difficult to conceive of a good faith basis in fact and law for repleading the deliberate indifference claims against these defendants.  See, e.g., Noguera, 2001 WL 243535, at *3

Qualified Immunity

Determining whether an officer is entitled to qualified immunity involves two steps.  First, the court must decide whether the officer violated a constitutional right.  Saucier v. Katz, 533 U.S. 194, 201 (2001).  If the court concludes that the officer did violate a constitutional right, it must then determine "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted."  Id. at 202.  Qualified immunity is an affirmative defense that is ordinarily pleaded by way of an answer.  See McKenna v. Wright, 386 F.3d 432, 435 (2d Cir. 2004).  When the defense is asserted in support of a motion to dismiss under Rule 12(b)(6), the burden is on the defendant to show that the allegations of the complaint, viewed most favorably to the plaintiff, conclusively establish that the defendant is entitled to qualified immunity. See id. at 436.

Defendants' argument for qualified immunity is somewhat

---

("Because [the investigator] neither participated directly in the alleged constitutional violations nor supervised any of the other defendants, plaintiff has provided no basis for finding [him] liable under the Bivens standard."); Stillman v. Godinez, No. 92 C 5731, 1995 WL 549111, at *6 (N.D. Ill. Sept. 11, 1995) (investigator could not be held liable on a theory of failure to protect because he had no authority over health and safety conditions of the prison).  If, however, the plaintiff and her counsel believe that such a good faith basis exists, the claims may be repleaded.

unclear.  They appear to contend only that the court need not reach the second step of the qualified immunity inquiry because plaintiff has not alleged the violation of a constitutional right.  As explained above, however, the plaintiff has adequately alleged such a violation on the part of former Warden Harding and former Associate Wardens Jensen and Harrell.  Whether the conduct of these defendants was reasonable in light of the situation confronting them cannot be assessed at this early stage in the litigation.  See Johnson v. Meachum, 839 F. Supp. 953, 958 (D. Conn. 1993).  Accordingly, the motion to dismiss the action as to these defendants based on qualified immunity must be denied.

Conclusion

For the foregoing reasons, the defendants' motion to dismiss [Doc. #13] is hereby granted as to defendants Hawk Sawyer, Ferguson, Key and Doe, and denied as to defendants Harding, Jensen and Harrell, and count two of the complaint is dismissed. If the plaintiff wants to replead her claims against any of the dismissed defendants, she may file an amended complaint on or before April 17, 2006.

So ordered.

Dated at Hartford, Connecticut this 25th day of March 2006.

_____/s/_____
Robert N. Chatigny
United States District Judge