UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CARMENZA GUZMAN VARON, <br> A/K/A KATHLEEN VARON, <br><br> Plaintiff, <br><br> v. <br><br> KATHLEEN HAWK SAWYER, ET AL., <br><br> Defendants. | : <br> : <br> : <br> : <br> : <br> : CASE NO. 3:04-CV-2049 (RNC) <br> : <br> : <br> : <br> : |

RULING AND ORDER

This is a Bivens action arising from sexual abuse of the plaintiff by correctional officers at FCI Danbury. A prior ruling and order dismissed the action as to some of the defendants but not all. Varon v. Sawyer, 2006 WL 798880 (D. Conn. Mar. 25, 2006). The remaining defendants seek dismissal of the action contending that it is time-barred. Plaintiff responds that the limitations period should be equitably tolled. Treating the motion to dismiss as a motion for summary judgment, I agree that the action is time-barred.[1]

I. Facts

The relevant facts are as follows. Plaintiff was incarcerated at FCI Danbury from 1994 through 2002. She was then transferred to the federal correctional facility in Dublin, California ("FCI

---

[1] Defendants also contend that plaintiff has failed to exhaust administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) ("PLRA"). Because I agree with them that the action is time-barred, I do not address their exhaustion argument.

Dublin"), where she is now.  At all relevant times, defendant Harding was the Warden at FCI Danbury, and defendants Jensen and Harrell were Associate Wardens.

From 1998 to 2000, three officers at FCI Danbury who had disciplinary authority over the plaintiff — Lieutenant Andrew Long, Officer Anthony Tortorella, and Officer Ricardo Vasquez — repeatedly forced her to perform sexual acts.  All three had previously been investigated for sexual misconduct.

In 1999, the Office of the Inspector General reported possible sexual contact between the plaintiff and an employee at FCI Danbury but conducted no further investigation.  In November 2001 and again in March 2002, representatives of the Department of Justice interviewed the plaintiff in connection with a criminal investigation into sexual misconduct by FCI Danbury correctional officers.  After the first interview, a fellow inmate confronted the plaintiff and accused her of "snitching."

In June 2003, plaintiff testified as a witness for the government in a criminal case against Officer Vasquez stemming from his sexual abuse of inmates, including the plaintiff, at FCI Danbury.  Vasquez wound up pleading guilty.

In August 2003, the plaintiff filed a request with the regional office of the Western Region of the BOP seeking an administrative remedy for the abuse she suffered at FCI Danbury.  The BOP denied the request as untimely.  Plaintiff appealed the

denial to the BOP's Central Office, which upheld the regional office's decision.

On December 3, 2004, plaintiff initiated this lawsuit. The complaint seeks damages for psychological and physical pain caused by the abuse she suffered at FCI Danbury.

II. Standard of Review

The defendants have moved to dismiss the action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[2] Because matters outside the complaint have been presented by the defendants and not excluded by the court, the motion must be treated as one for summary judgment and adjudicated in accordance with Rule 56. See Fed. R. Civ. P. 12(b). Notice of this requirement was previously given to the parties and they have been given reasonable opportunity to present additional material.

Summary judgment may be granted only when there "is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A dispute regarding a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242,

---

[2] The motion also challenges the court's subject matter jurisdiction under Rule 12(b)(1), but neither the statute of limitations nor the PLRA exhaustion requirement affects subject matter jurisdiction. See Bigio v. Coca Cola, 239 F.3d 440, 455 (2d Cir. 2000) (statute of limitations); Ortiz v. McBride, 380 F.3d 649, 656 (2d Cir. 2004) (PLRA exhaustion). Thus, the motion is considered solely under Rule 12(b)(6).

3

248 (1986). The Court must review the record as a whole, credit all evidence favoring the nonmovant, give the nonmovant the benefit of all reasonable inferences, and disregard evidence favorable to the movant that a jury would not have to believe. See Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150-51 (2000).

III. Discussion

Section 52-577 of the Connecticut General Statutes, which applies to Bivens claims,[3] required this action to be brought within three years of the date the plaintiff's claims accrued. Plaintiff concedes that her claims accrued no later than December 31, 2000. Because the complaint was not filed until December 3, 2004, plaintiff's claims are clearly time-barred unless equitable tolling applies. Plaintiff contends that the statute of limitations should be equitably tolled until she was transferred to FCI Dublin in 2002. She urges that equitable tolling is justified by a combination of the following factors: (1) she feared that publicly asserting her claims would jeopardize her safety; (2) her agreement to testify against Officer Vasquez required her to refrain from making pretrial statements about her sexual contact with him; and (3) the suffering she experienced as a result of the sexual abuse prevented her from clearly knowing the facts and

---

[3] See Walker v. Jastremski, 430 F.3d 560, 562 (2d Cir. 2005) (statute of limitations for a § 1983 action in Connecticut is governed by Conn. Gen. Stat. § 52-577); Chin v. Bowen, 833 F.2d 21, 23-24 (2d Cir. 1987) (Bivens and § 1983 actions governed by identical statute of limitations).

4

circumstances of her claims. These factors fall well short of satisfying the standards applicable to claims for equitable tolling.

Equitable tolling does not provide an exemption from the statute of limitations; it suspends the running of the limitations period for a discrete period of time. See Haekal v. Refco, 198 F.3d 37, 43-44 (2d Cir. 1999). Equitable tolling is appropriate only in "rare and exceptional circumstances." Zerilli-Edelglass v. N.Y. City Transit Auth., 333 F.3d 74, 80 (2d Cir. 2003). For equitable tolling to apply, the court must determine that plaintiff: "(1) has acted with reasonable diligence during the time period she seeks to have tolled, and (2) has proved that the circumstances are so extraordinary that the doctrine should apply." Id. at 80-81. Equitable tolling is typically applied when a plaintiff: (1) actively pursues her legal remedies but files a defective pleading within the limitations period; (2) was unaware of the existence of her cause of action due to a defendant's misconduct, or (3) suffered from a medical or mental impairment that prevented her from timely pursuing legal claims. Id. (collecting cases).

A. Plaintiff's Fear for Her Safety

Plaintiff relies on Noguera v. Hasty, No. 99 Civ. 8786 KMWAJP, 2001 WL 243535 (S.D.N.Y. Mar. 12, 2001). In that case, a female inmate brought an action under 42 U.S.C. § 1983 alleging that she

5

had been raped and sexually abused by a state correctional officer. The limitations period was equitably tolled based on the plaintiff's allegation that the officer had verbally and physically threatened her into remaining silent about the rape. Id. at *6. Here, plaintiff does not allege any affirmative threat or intimidation by the officers with whom she had sexual contact, by any of the defendants, or by any other BOP officials. The only affirmative threat she points to was made to her by a fellow inmate named Wilson, who confronted her about being a "snitch." This alleged threat, viewed in light of the entire record, does not justify equitable tolling.

The confrontation between the plaintiff and Wilson occurred between the plaintiff's first and second interviews with DOJ personnel (doc. #32 Ex. B). It is undisputed that the plaintiff met voluntarily with DOJ officials on both occasions to discuss her history of sexual contact with correctional officers at FCI Danbury as well her knowledge of sexual contact between correctional officers and other inmates. Notwithstanding the confrontation with Wilson, plaintiff was more forthcoming in the second interview. In the first interview, she discussed her and other inmates' sexual contact with Tortorella only (doc. #32 Ex. A). In the second interview, she revisited facts concerning Tortorella and also discussed her and other inmates' sexual contact with Long and Vasquez. She also disclosed Wilson's "snitch" comment and her

6

belief that Wilson had been sexually involved with a correctional officer named Brown (doc. #32 Ex. B at 1-2, 4). Plaintiff was aware that the interviews were part of a criminal investigation and ultimately testified against Vasquez in 2003 (doc. #32 Ex. B at 1, Ex. C at 3). In light of this history, it cannot be said that plaintiff was deterred from pursuing her claims because of intimidation or harassment.

    B.   <u>Plaintiff's Agreement to Testify Against Vasquez</u>

Plaintiff contends that her agreement to testify against Vasquez required her to refrain from making pretrial statements, and that this precluded her from filing a civil action. There is no merit to this contention. Even assuming plaintiff felt bound to refrain from making public statements about Vasquez, nothing prevented her filing a timely civil action under seal. Moreover, applying equitable tolling just because plaintiff agreed to testify against Vasquez would be inconsistent with the extraordinary nature of this form of relief.

    C.   <u>Plaintiff's Mental And Emotional Condition</u>

Plaintiff has submitted some of her psychological and psychiatric records from March 2001 through September 2002. According to these records, she had no significant mental health problems at the beginning of this period. However, starting in May 2002, she reported having flashbacks regarding her sexual contact with Tortorella, Long, and Vasquez, and expressed fear of being

7

assaulted again, which led to a diagnosis of post-traumatic stress disorder ("PTSD") in July 2002 (id. at 8). Her psychologists observed her to be visibly anxious and depressed during this period (id. at 21). Nevertheless, from June through July 2002, her psychologists reported her to be in "good personal control," in "contact with reality," and with thought processes that were "logical and organized" (id. at 19-20). In late July 2002, she was reported as "mildly anxious," but "oriented," with some reports of suicidal ideation (id. at 9-11). During this same period, she worked with a psychologist to complete a victim witness statement regarding Tortorella (id. at 9-10). From August through September 2002, she denied having any suicidal ideation but reported flashbacks again (id. at 5-8). Plaintiff was prescribed Prozac and Risperdal for some or all of the time from May through September 2002 (id. at 19).

Plaintiff's psychological condition, as documented in these records, was never so impaired as to justify equitable tolling. The records describe her as generally functional and communicative and thus able to pursue her legal rights. In fact, her ability to prepare the victim witness statement with the aid of her psychologist, as described in the records, demonstrates that she was cognizant of her cause of action and able to ask for and receive assistance with the litigation process. Even assuming, moreover, that her condition was sufficiently impaired from May to

September 2002 to justify equitable tolling for the entire five-month period, this action would still be time-barred, for it was filed nearly a year after the limitations period expired.

IV. Conclusion

Accordingly, the motion to dismiss the complaint (doc. #29), having been converted into a motion for summary judgment, is hereby granted. The Clerk may close the file.

So ordered this 30th day of July 2007.

                                          /s/
                                    Robert N. Chatigny
                              United States District Judge